IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WAHOO FITNESS L.L.C., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. _____ |
| | ) |
| JETBLACK CYCLING PTY LTD, | ) **JURY TRIAL DEMANDED** |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff Wahoo Fitness L.L.C. ("Wahoo") files this Complaint for patent infringement against Defendant JetBlack Cycling Pty Ltd ("JetBlack"). Wahoo alleges:

## THE PARTIES

### A. PLAINTIFF WAHOO

1. Wahoo is a Georgia limited liability company with its principal place of business at 90 W. Wieuca Road NE, Atlanta, Georgia 30342.

2. Wahoo was founded in 2009 by Chip Hawkins in Atlanta, Georgia. An avid biking enthusiast, Chip used his business and engineering background to build Wahoo from the ground up, starting with an idea and a willingness to work hard to realize his goals of making the best and most useful exercise equipment possible.

3. The culture Chip created within Wahoo lead to a mindset that "there's got to be a better way." The company was founded on innovation and has continued to invest in an extensive suite of products and software focused on cycling and endurance sports.

4. That investment includes spending of millions of dollars on R&D, marketing, manufacturing, and distribution to be a global leader in the smart trainer category through the KICKR family of smart indoor riding equipment and accessories.

1

5. It is not an exaggeration to say that, through the KICKR family, and related products, Wahoo created a revolution across the cycling industry and continues to drive demand into global bike shops during the usually quiet winter season by supporting retailers across the world with best in class displays and desirable products throughout the KICKR ecosystem.

6. More specifically, Wahoo's dedication to innovation is shown by its track record of bringing new technology to the marketplace. Wahoo's first product, the Ant+ Key, was introduced in 2009. The Ant+ Key was a better way to for athletes to track, measure and share training data from fitness sensors.

7. Wahoo continued this innovation in 2012, with the introduction of the Blue HR and Blue SC, which were the first heart rate, speed, and cadence sensors that connected to an iPhone via Bluetooth technology.

8. In 2013, Wahoo build on its idea of connected training with the introduction of the KICKR bicycle trainer, which simulates the resistance and feeling of being outdoors and allows athletes to bring the hard rides inside. This product changed the way cyclists train and sparked a new product category.

9. Wahoo continued this innovation in 2015 with the KICKR SNAP, a more affordably priced indoor trainer, which allowed athletes to use the KICKR functionality without removing the rear wheel from the bicycle.

10. Next, Wahoo turned its efforts to making indoor training as accessible and immersive as possible. This focus resulted in the 2018 introduction of the KICKR CORE, KICKR CLIMB, and KICKR HEADWIND, which bring indoors the elements and movement of outside riding (at a variety of price points).

11. Wahoo followed this line of innovation with the 2019 introduction of the KICKR BIKE, a fully customizable indoor smart bicycle with grade simulation that uses the intuitive interface of your smartphone to recreate the set up of your outdoor ride. In short, the KICKR Bike blurs the line between virtual and reality.

12. In 2021 Wahoo introduced the SYSTM Training App, a fully-integrated training ecosystem, and in 2022 Wahoo launched KICKR ROLLR which combines the real ride feel of KICKR with the natural motion of rollers.

13. In short, Wahoo has been fueled by innovative products, a compelling ecosystem, great customer service, and a history of increasing customer awareness and demand. Wahoo is committed to being a leader in smart training and has a range of smart trainers, shown in the table below, that are competitively priced starting with the KICKR SNAP at $399 all the way up to the KICKR BIKE.



| KICKR Smart Trainer | KICKR CORE Smart Bike Trainer |



14. Aside from its history of innovation, Wahoo is also committed to helping the communities it calls home. Wahoo works in partnership with many different organizations, non-profits, and teams to provide resources and volunteers to help their missions. Wahoo also partners with organizations, teams, and athlete to break down barriers to participation and makes sporting activities more accessible and inclusive for people of all backgrounds and abilities. In addition,

Wahoo is committed to conservation of our environment, including partnering with an Atlanta-based organization to ensure its waste is recycled and reused as much as possible.

15.     It is not surprising that, in view of Wahoo's dedication to its customers and its community, by creating innovative solutions to make difficult goals attainable and improve lives, legions of loyal Wahoo enthusiasts have affectionately dubbed themselves "Wahooligans."

16.     As is common in the industry, to protect its groundbreaking innovation and extensive investment, Wahoo has also invested protecting its intellectual property through, among other things, patent protection. The U.S. patent system is predicated on the principle that patent protection will incentivize companies and individuals to continue to innovate and develop new products and ideas. Wahoo's strong commitment to innovation requires it to devote significant time and money to its ongoing development and improvement of technology.

17.     Wahoo maintains its intellectual property rights to protect these investment dollars so Wahoo can continue to provide innovation to the category and delight its customers by providing the most accurate and revolutionary products. Wahoo takes the protection of its intellectual property seriously. Wahoo has utilized the patent system exactly as that system is intended, to protect its continued efforts to improve the exercise technology available to its customers.

18.     Designing and manufacturing technology products is complex and expensive. Many companies have built successful Smart Trainer businesses without cutting corners and without violating patents. Wahoo encourages new entrants to indoor cycling to help drive innovation and growth.  However, allowing copycat products to sell illegally in the marketplace discourages investment from legitimate companies leading to stagnating innovation and lower product quality.

19. Further, Wahoo sells its products through various channels, from its own web site and other online stores, through national retailers like REI and through independent bike shops throughout the US and Europe. Each channel plays an important role in Wahoo's go-to-market strategy and in the cycling industry overall. The selling of a copy of Wahoo's product only direct to consumers, thereby eliminating the retail channels, hurts the overall health of the cycling industry.

20. To this day, Wahoo maintains its headquarters in Atlanta, Georgia and is still led by its original founders. Although it has a strong and ongoing history of repeated innovations, Wahoo remains a relatively small company.

### B. DEFENDANT JETBLACK

21. On information and belief, Defendant JetBlack is an Australian corporation having its principal place of business at 31 Walker Street South Windsor, New South Wales, 2756 Australia.

22. Upon information and belief, JetBlack has sold, sells and offers to sell its Volt product in the United States, including in this district. *See* https://www.jetblackcycling.com/indoor-cycle-trainers-and-accessories/volt-ems-cycle-trainer/.

23. On information and belief, JetBlack began selling the Volt in Australia in about 2021. At that time, it offered the Volt at a price of $849.00.

24. In August 2022, JetBlack announced its intention to sell a "smarter and more refined" version of the Volt trainer. The price point for the "new" Volt trainer is $499.00.

25. Upon information and belief, the Volt is identical, in all material respects, to the KICKR CORE, one of Wahoo's innovative bicycle trainers. By copying the KICKR CORE, JetBlack has infringed three of Wahoo's patents. By marketing a copy of Wahoo's patent-protected

6

device, JetBlack has taken a shortcut that allows it to reap the benefit of Wahoo's innovations, but without investing the time and money necessary to create Wahoo's innovations. As a result, Wahoo is forced to file this action to stop JetBlack's infringement and to ensure Wahoo's ability to continue its strong history of innovation.

## JURISDICTION AND VENUE

26. This Court has subject matter jurisdiction over the patent infringement claims in this Complaint under 28 U.S.C. §§ 1131 and 133(a) because this action arises under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. § 271.

27. On information and belief, JetBlack is subject to this Court's specific and general personal jurisdiction. On information and belief, JetBlack has also established minimum contacts in Delaware because JetBlack, through its website, https://www.jetblackcycling.com/indoor-cycle-trainers-and-accessories/volt-ems-cycle-trainer/, has sold, sells, and offers for sale the accused product and is accessible in this district.[1] Further, on information and belief, JetBlack has also sold, offered for sale, and sells the accused product in this district through third party websites, including Amazon.com.[2]

28. Because JetBlack is a foreign corporation, the venue requirements of 28 U.S.C. § 1400(b) do not apply in this patent litigation.

29. Because JetBlack is a foreign corporation and not resident in the United States, venue is proper in this district. 28 U.S.C. § 1391(c)(3).

---

[1] For example, JetBlack has stated that it advertises and intends for its product to be purchased by customers in the United States, including in this district. *See, e.g.,* https://www.bicycleretailer.com/product-tech/2022/09/13/jetblack-lowers-price-its-trainer-match-zwift#.Yzn3cy-B1pQ (last visited October 2, 2022).

[2] *See, e.g.,* https://www.amazon.com/JetBlack-EMS-Direct-Drive-Smart-Trainer/dp/B0046ZGA9K (last visited October 3, 2022) (Exhibit 2).

## THE ACCUSED DEVICE

30. JetBlack has and continues to make, use, import, offer to sell, and/or sell in the United States bicycle training apparatus under the name "Volt."

31. On its website, at https://www.jetblackcycling.com/indoor-cycle-trainers-and-accessories/volt-ems-cycle-trainer/, JetBlack markets the Volt device, including as shown below:



32. JetBlack's website, at https://www.jetblackcycling.com/instructions/the-volt-trainer-information-set-up/, describes the Volt as follows:



The VOLT Trainer Information & Set Up - JetBlack Cycling

Product Information Design Specifications Total weight: 16.5KG Max User Weight: 120 kg Power Requirements: 100-240 VOLT™, 1.5A, 50Hz-60Hz Wireless Connection: Bluetooth FTMS and ANT+ FEC Resistance type: Electromagnetic braking system Accuracy: +/- 2% Maximum Simulated Grade:

8

16% Maximum Power Output: 1800 Watts
Wireless software updates:…

www.jetblackcycling.com

## WAHOO'S U.S. PATENT NO. 10,046,222

33. United States Patent No. 10,046,222, entitled "System and Method for Controlling a Bicycle Trainer" ("the '222 Patent"), was duly issued by the United States Patent and Trademark Office on August 14, 2018. A true and correct copy of the '222 Patent is attached as Exhibit 1.

34. Wahoo owns all substantial right, title, and interest in and to the '222 Patent, including the sole and exclusive right to prosecute this action and enforce the '222 Patent against infringers, and to collect damages for all relevant times.

35. Wahoo has sold, and currently sells, bicycle training apparatuses under the trademark KICKR and KICKR CORE, which practice the invention claimed in the '222 Patent.

36. Wahoo has given, and continues to give, notice to the public, including JetBlack, of its '222 Patent by listing that patent on its website at https://www.wahoofitness.com/patents, pursuant to 35 U.S.C. § 287.

## WAHOO'S U.S. PATENT NO. 10,933,290

37. United States Patent No. 10,933,290, entitled "Bicycle Trainer" ("the '290 Patent"), was duly issued by the United States Patent and Trademark Office on March 2, 2021. A true and correct copy of the '290 Patent is attached as Exhibit 3.

38. Wahoo owns all substantial right, title, and interest in and to the '290 Patent, including the sole and exclusive right to prosecute this action and enforce the '290 Patent against infringers, and to collect damages for all relevant times.

39. Wahoo has sold, and currently sells, bicycle training apparatuses under the trademark KICKR and KICKR CORE, which practice the invention claimed in the '290 Patent.

40. Wahoo has given, and continues to give, notice to the public, including JetBlack, of its '290 Patent by listing that patent on its website at https://www.wahoofitness.com/patents, pursuant to 35 U.S.C. § 287.

## WAHOO'S U.S. PATENT NO. 11,090,542

41. United States Patent No. 11,090,542, entitled "System and Method for Controlling a Bicycle Trainer" ("the '542 Patent"), was duly issued by the United States Patent and Trademark Office on August 17, 2021. A true and correct copy of the '542 Patent is attached as Exhibit 4.

42. Wahoo owns all substantial right, title, and interest in and to the '542 Patent, including the sole and exclusive right to prosecute this action and enforce the '542 Patent against infringers, and to collect damages for all relevant times.

43. Wahoo has sold and currently sells bicycle training apparatuses under the trademark KICKR and KICKR CORE, which practice the invention claimed in the '542 Patent.

44. Wahoo has given, and continues to give, notice to the public, including JetBlack, of its '542 Patent by listing that patent on its website at https://www.wahoofitness.com/patents, pursuant to 35 U.S.C. § 287.

## COUNT ONE
### (Infringement of U.S. Patent No. 10,046,222)

45. Wahoo incorporates by reference and realleges each and every allegation of the previous paragraphs as if set forth herein.

46. The '222 Patent generally describes a bicycle trainer with a frame, flywheel, and magnetic brake assembly that is operable for use with a conventional bicycle with its rear wheel removed.

47. The written description of the '222 Patent describes in technical detail each of the limitations of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patentably distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

48. JetBlack has made, used, sold, offered for sale, and/or imported into the United States, and continues to do so, bicycle training apparatuses sold under the tradename "Volt" that practice at least one claim of the '222 Patent.



49. As set forth in the attached non-limiting claim chart (Exhibit 5), upon information and belief, JetBlack, without authorization or license from Wahoo, has directly infringed and continues to directly infringe at least Claim 1 of the '222 Patent, either literally or under the doctrine of equivalents, by making, having made, using, distributing, selling, and/or offering for sale the JetBlack Volt.

50. JetBlack's infringement of the '222 Patent has caused, and will continue to cause, Wahoo to suffer substantial and irreparable harm, entitling Wahoo to a preliminary injunction and a permanent injunction in accordance with 35 U.S.C. § 283.

51. In addition, Wahoo has suffered and continues to suffer damage from JetBlack's infringement of the '222 Patent. As such, Wahoo is entitled to compensation and other monetary relief to the extent allowed by law, pursuant to 35 U.S.C. § 284.

## COUNT TWO
### (Infringement of U.S. Patent No. 10,933,290)

52. Wahoo incorporates by reference and realleges each and every allegation of the previous paragraphs as if set forth herein.

53. The '290 Patent generally describes a bicycle trainer with a frame, flywheel, and magnetic brake assembly that is operable for use with a conventional bicycle with its rear wheel removed.

54. The written description of the '290 Patent describes in technical detail each of the limitations of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patentably distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

55. JetBlack has made, used, sold, offered for sale, and/or imported into the United States, and continues to do so, bicycle training apparatuses sold under the tradename "Volt" that practice at least one claim of the '290 Patent.



56. As set forth in the attached non-limiting claim chart (Exhibit 6), upon information and belief, JetBlack, without authorization or license from Wahoo, has directly infringed and continues to directly infringe at least Claim 1 of the '290 Patent, either literally or under the doctrine of equivalents, by making, having made, using, distributing, selling, and/or offering for sale the JetBlack Volt.

57. JetBlack's infringement of the '290 Patent has caused, and will continue to cause, Wahoo to suffer substantial and irreparable harm, entitling Wahoo to a preliminary injunction and a permanent injunction in accordance with 35 U.S.C. § 283.

58. In addition, Wahoo has suffered and continues to suffer damage from JetBlack's infringement of the '290 Patent. As such, Wahoo is entitled to compensation and other monetary relief to the extent allowed by law, pursuant to 35 U.S.C. § 284.

## COUNT THREE
### (Infringement of U.S. Patent No. 11,090,542)

59. Wahoo incorporates by reference and realleges each and every allegation of the previous paragraphs as if set forth herein.

60. The '542 Patent generally describes a bicycle trainer with a frame, flywheel, and magnetic brake assembly that is operable for use with a conventional bicycle with its rear wheel removed.

61. The written description of the '542 Patent describes in technical detail each of the limitations of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patentably distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

62. JetBlack has made, used, sold, offered for sale, and/or imported into the United States, and continues to do so, bicycle training apparatuses sold under the tradename "Volt" that practice at least one claim of the '542 Patent.



63. As set forth in the attached non-limiting claim chart (Exhibit 7), upon information and belief, JetBlack, without authorization or license from Wahoo, has directly infringed and continues to directly infringe at least Claim 1 of the '542 Patent, either literally or under the doctrine of equivalents, by making, having made, using, distributing, selling, and/or offering for sale the JetBlack Volt.

64. JetBlack's infringement of the '542 Patent has caused, and will continue to cause, Wahoo to suffer substantial and irreparable harm, entitling Wahoo to a preliminary injunction and a permanent injunction in accordance with 35 U.S.C. § 283.

65. In addition, Wahoo has suffered and continues to suffer damage from JetBlack's infringement of the '542 Patent. As such, Wahoo is entitled to compensation and other monetary relief to the extent allowed by law, pursuant to 35 U.S.C. § 284.

## **REQUEST FOR RELIEF**

WHEREFORE, Wahoo respectfully requests the Court enter judgment in its favor and against JetBlack on the patent infringement claims set forth above and respectfully requests that this Court:

(a) enter judgment that JetBlack has infringed, and continues to infringe at least one claim of the '222 patent in violation of 35 U.S.C. § 271;

(b) award Wahoo all available and legally permissible damages and relief sufficient to compensate Wahoo for JetBlack's infringement of the '222 patent, including to the full extent permitted by 35 U.S.C. § 284, together with interest, in an amount to be determined at trial;

(c) enter judgment that JetBlack has infringed, and continues to infringe at least one claim of the '542 patent in violation of 35 U.S.C. § 271;

(d) award Wahoo all available and legally permissible damages and relief sufficient to compensate Wahoo for JetBlack's infringement of the '542 patent, including to the full extent permitted by 35 U.S.C. § 284, together with interest, in an amount to be determined at trial;

(e) enter judgment that JetBlack has infringed, and continues to infringe at least one claim of the '290 patent in violation of 35 U.S.C. § 271;

(f) award Wahoo all available and legally permissible damages and relief sufficient to compensate Wahoo for JetBlack's infringement of the '290 patent, including to the full extent permitted by 35 U.S.C. § 284, together with interest, in an amount to be determined at trial;

(g) enter a preliminary injunction against JetBlack, barring and enjoining its further making, using, selling, offering for sale, and/or importing into the United States of its Volt product for the duration of this lawsuit;

(h) enter a permanent injunction against JetBlack, barring and enjoining its further making, using, selling, offering for sale, and/or importing into the United States of its Volt product, and any other infringing products;

(i) declare this to be an exceptional case under 35 U.S.C. § 285 and award Wahoo its costs, expenses, and disbursements in this action, including reasonable attorneys' fees;

(j) award Wahoo such other and further relief as may be permitted and is appropriate at law or in equity.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Wahoo hereby respectfully requests a trial by jury on all issues triable of right by a jury.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jennifer Ying*

_____

OF COUNSEL

Matthew L. Cutler
Douglas A. Robinson
HARNESS IP
7700 Bonhomme Ave., Suite 400
Clayton, MO 63038
(314) 726-7600
mcutler@harnessip.com
drobinson@harnessip.com

October 3, 2022

Jennifer Ying (#5550)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
jying@morrisnichols.com

*Attorneys for Plaintiff Wahoo Fitness L.L.C.*